USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 29 BEEKMAN CORP., <br><br> Appellant, <br><br> -against- <br><br> WANSDOWN PROPERTIES CORPORATION N.V., <br><br> Appellee. | 1:20-cv-8984 (MKV) |
| 29 BEEKMAN CORP., <br><br> Plaintiff, <br><br> -against- <br><br> BLANK ROME and GHOLAN REZA GOLSORKHI, <br><br> Defendants. | 1:20-cv-10294 (MKV) |
| IN RE WANSDOWN PROPERTIES CORPORATION N.V. | 1:21-cv-2280 (MKV) |

**OPINION AND ORDER DENYING 29 BEEKMAN CORPORATION'S
MOTION FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL,
DENYING THE MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE,
AND REFERRING CASE TO THE BANKRUPTCY COURT**

MARY KAY VYSKOCIL, United States District Judge:

In 2019, 29 Beekman Corp. signed an agreement to purchase a town house located at 29 Beekman Place in Manhattan from Wansdown Properties Corporation N.V. As part of the agreement, 29 Beekman made a down payment of $1.03 million. The agreement also provided that before the sale closed, Wansdown would file for Chapter 11 bankruptcy and would secure an order approving the sale from the Bankruptcy Court. However, as the closing date for the sale approached, and due to developments in the bankruptcy proceeding, 29 Beekman withdrew from

the sale and requested return of its down payment. Wansdown refused. Before the Court are three related cases stemming from the breakdown in the contemplated sale.

The first case, proceeding under docket number 20-cv-8984, requests leave to file an interlocutory appeal from an order of the Bankruptcy Court for the Southern District of New York (Bernstein, J.) denying both Wansdown's and 29 Beekman's cross-motions for summary judgment on claims respecting Wansdown's retention of the down payment (the "Appeal Action"). The second case, proceeding under docket number 20-cv-10294, was filed in New York state court by 29 Beekman and was removed to this Court by Wansdown (the "Removed Action"). The complaint in the case asserts fraud and contract claims against Wansdown's president and its counsel in the bankruptcy proceeding, Blank Rome LLP. Finally, the third action, proceeding under docket number 21-cv-2280, seeks to withdraw the bankruptcy reference for the adversary proceeding between 29 Beekman and Wansdown (the "Reference Action"). The case was initiated in response to an order issued in the Removed Action directing 29 Beekman to show cause for why that case should not be referred to the Bankruptcy Court.

For the reasons stated herein, 29 Beekman's motion for leave to file an interlocutory appeal is DENIED. 29 Beekman's motion to withdraw the reference in the Bankruptcy Court also is DENIED. And in light of that, the Court refers the Removed Action to the Bankruptcy Court for resolution in the first instance.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts underlying this dispute are detailed in the Bankruptcy Court's well-reasoned opinion denying the parties' cross-motions for summary judgment. *See In re Wansdown Props.*

*Corp.*, 620 B.R. 487 (Bankr. S.D.N.Y. 2020).[1]  The Court recounts them here only to the extent necessary for resolution of the disputes before the Court.

### A.    *The Purchase Agreement*

Wansdown Properties Corporation N.V. was formed as a holding company to own and manage, for the sister of the Shah of Iran, a town house, located at 29 Beekman Place, New York, NY 10022.  The town house was Wansdown's main asset.  On September 25, 2019, Wansdown entered into an agreement to sell the town house to 29 Beekman Corp. for $10,300,000 [20-cv-8984, ECF 12-1 ("Purchase Agreement")].  29 Beekman delivered a down payment of $1,030,000 to be held in an escrow account until the closing.

The Purchase Agreement contemplated that Wansdown would file a chapter 11 case and stated that the sale would take place after "the entry of an order confirming [a Chapter 11] Plan, or if not possible, then approving a 363 Sale." [2]  Purchase Agreement ¶ 51(a).  The closing was set for "no later than" 45 days "after the Confirmation Order . . . becomes final and non-appealable . . . provided, however, that in no event shall the Closing take place later than January 31, 2020, subject to extension of the Final Date."  Purchase Agreement ¶¶ 51(e).  The Purchase Agreement provided that Beekman could "extend [the] Final Date, on one or more occasions, until the earlier of 30 days after entry of the Confirmation Order or January 31, 2021."  Purchase Agreement ¶ 52(d).  As part of the representations in connection with the Purchase Agreement, Wansdown stated that "the net proceeds of a sale under th[e] Contract would be sufficient to satisfy all claims against Seller [Wansdown] and, as reasonably projected, Seller's contemplated

---

[1] The Bankruptcy Court opinion denying the parties' cross-motions for summary judgment was filed along with 29 Beekman's Notice of Interlocutory Appeal [ECF No. 1-1].  However, because the case has been reported since it was issued, the Court cites to the reported decision.
[2] The Purchase Agreement defined the order as a "Confirmation Order," regardless of whether it confirmed a bankruptcy plan or only approved a sale under § 363.  Purchase Agreement ¶ 51(a).

estate in bankruptcy." Purchase Agreement ¶ 51(b).  29 Beekman's purchase of the town house was subject, as a condition precedent, to the accuracy of the Debtor's representations in the Purchase Agreement.  Purchase Agreement ¶ 13(a)(i).

Whether the sale proceeded under a confirmed bankruptcy plan or pursuant to Section 363 of the Bankruptcy Code had large financial consequences for 29 Beekman.  Specifically, New York law provides that a "Mansion Tax" be paid on sales of real estate that both occur in cities with a population over 1 million people and where the purchase price exceeds $2 million.  N.Y. Tax Law § 1402-b.  In this case, such a tax on the sale of the town house would have exceeded $334,000 and, by the terms of the Purchase Agreement, was to be borne by 29 Beekman.  Purchase Agreement ¶ 40.  Significantly, the Mansion Tax is not imposed in connection with transfers pursuant to a confirmed bankruptcy plan.  11 U.S.C. § 1146.

**B.     The Wansdown Bankruptcy**

As contemplated, Wansdown commenced a chapter 11 case on October 8, 2019.  Wansdown was represented in the bankruptcy case by, among others, Blank Rome LLP.  The next month, Wansdown filed its proposed plan of reorganization, which contemplated that it would sell the town house to 29 Beekman and that the sale proceeds would be sufficient to pay all creditors except Gholam Reza Golsorskhi, the Managing Director and President of Wansdown, who had agreed to subordinate his asserted unsecured claim of approximately $7.5 million.  *In re Wansdown*, 620 B.R. at 492.  The Bankruptcy Court scheduled a hearing for early January 2020 to allow Wansdown to obtain a final, non-appealable order confirming the Plan by the January 31, 2020 deadline for the closing.  *See id.* at 492-93.  But, before the hearing, Wansdown's sole shareholder, Pelmadulla Stiftung Vaduz ("Pelmadulla"), filed a general unsecured proof of claim in the sum of $3,243,941.19 based on a purported loan it made to

Wansdown. *Id.* at 493. While Wansdown disputed the claim, its existence made confirmation of the proposed plan impossible, and there was insufficient time to negotiate, file, and confirm a revised plan before January 31, 2020.

Instead, Wansdown filed a motion for a sale of the town house under Section 363. *In re Wansdown*, 620 B.R. at 492. 29 Beekman objected to proceeding in this manner, arguing that there still was time to confirm a plan. *Id.* When the Bankruptcy Court disagreed, 29 Beekman ultimately acquiesced to proceeding with a Section 363 sale, but only if Wansdown—not 29 Beekman—paid the Mansion Tax. *Id.* at 494. Over 29 Beekman's objections and despite statements from 29 Beekman that it was withdrawing from participation in any Section 363 sale, Wansdown pursued, and the Bankruptcy Court approved, the terms of the Purchase Agreement and the Section 363 sale on January 16, 2020. *Id.* The Bankruptcy Court also retained "exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with, this Order and the Purchase Agreement." *Id.* at 493. The sale order became final and non-appealable on January 30, 2020. *Id.*

C.   *The Contemplated Sale*

After Wansdown told 29 Beekman that it was scheduling the closing for January 31, 2020, 29 Beekman stated that it was exercising its right, under paragraph 52(d) of the Purchase Agreement, to extend the deadline to February 10, 2020. *In re Wansdown*, 620 B.R. at 495. Then, on February 10, 2020, 29 Beekman again notified Wansdown that it was extending the deadline to March 10, 2020. *Id.* However, as noted above, the Purchase Agreement provided that Beekman could extend the January 31, 2020 deadline only "until the earlier of" either "30 days after entry" of the Bankruptcy Court order (which was issued January 16, 2020 and became

final and non-appealable on January 30, 2020), or January 31, 2021. Purchase Agreement ¶ 52(d). On February 18, 2020, Wansdown notified 29 Beekman that it was terminating the Purchase Agreement based on 29 Beekman's failure to close by the deadline and that it intended to retain the down payment as liquidated damages. *Id.* at 495. Wansdown later sold the town house for $11,500,000 to another buyer under a revised plan. *Id.*

### D. The Competing Adversary Proceedings

On February 26, 2020, Wansdown commenced an adversary proceeding in the Bankruptcy Court against 29 Beekman asserting claims for breach of contract based on the failure to close and seeking a declaratory judgment that Wansdown was entitled to retain the down payment. *In re Wansdown*, 620 B.R. at 495. 29 Beekman initially filed a motion to dismiss in that case, but, after Wansdown filed a pre-motion letter seeking to move for summary judgment, 29 Beekman filed its own adversary proceeding to recover the down payment. *Id.* In its complaint, 29 Beekman alleged that the Bankruptcy Court had "constitutional authority to enter a final judgment in this adversary proceeding as a 'core' proceeding" as well as "continuing jurisdiction over the matter based on the jurisdictional reservations" in the sale order [21-cv-2280, ECF 8-20 ("Beekman Bankruptcy Ct. Pleading") ¶ 11]. Judge Bernstein consolidated the adversary proceedings, and the parties filed cross-motions for summary judgment. *In re Wansdown*, 620 B.R. at 495.

The Bankruptcy Court denied both of the cross-motions for summary judgment. *In re Wansdown*, 620 B.R. at 505. First, the Bankruptcy Court found that the consolidated adversary proceeding was a "core" proceeding on which it could enter final judgment. *Id.* at 496. While the Purchase Agreement was a pre-petition contract, it provided for a sale authorized by a Bankruptcy Court order, and the adversary proceeding implicated the interpretation and

enforcement of that order. *Id*. Moreover, the Court found that because 29 Beekman alleged in its own pleading that the Bankruptcy Court had authority to enter a final judgment on the issues, it had impliedly consented to the Court's authority to enter a final judgment on the claims. *Id.* More importantly, the Bankruptcy Court found that 29 Beekman breached the Purchase Agreement first through an anticipatory repudiation of the agreement by stating it would not participate in a Section 363 sale, *id.* at 500, and then again when it refused to close before March 10, 2020, *id.* at 501-03. Finally, the Bankruptcy Court rejected out of hand 29 Beekman's claim for rescission of the Purchase Agreement, finding that the issue was not timely raised (29 Beekman mentioned it for the first time not in its complaint, but in its cross-motion), and that such a claim was "a collateral attack on the Sale Order" that had approved the Purchase Agreement, which was "final and non-appealable." *Id* at 505.

However, the Bankruptcy Court also denied Wansdown's motion for summary judgment. The Court found that "whether [Wansdown] was ready, willing, and able to close following [29] Beekman's breach presents a disputed issue of material fact." *In re Wansdown*, 620 B.R. at 504. In particular, the Bankruptcy Court held that there was a material question regarding whether Wansdown could satisfy the condition precedent about the accuracy of its representation that the proceeds of the sale would satisfy all claims "as reasonably projected" against the Debtor's estate.[3] *Id.* at 503-4.

29 Beekman also moved for reconsideration in the Bankruptcy Court, which Judge Bernstein denied in all meaningful respects. *See In re Wansdown Props. Corp.*, 626 B.R. 141 (Bankr. S.D.N.Y. 2021).

---

[3] Of course, as the Bankruptcy Court noted, 29 Beekman had been willing to go forward knowing this representation was never strictly true, since the sale proceeds would not have satisfied Golsorskhi's unsecured claim that he had agreed to subordinate. See *In re Wansdown*, 620 B.R. at 504.

### E. *The Present Actions*

29 Beekman first moved in this Court for leave to file an interlocutory appeal, and that motion is fully briefed in 20-cv-8984 [20-cv-8984, ECF No. 11 ("Mot. for Interlocutory Appeal"); 13 ("Opp. to Interlocutory Appeal"); 17 ("Reply")].

While its motion to appeal on an interlocutory basis was pending, 29 Beekman filed a complaint against Blank Rome LLP and Golsorskhi in the New York state Supreme Court, alleging claims for fraud based on the same allegations that were at issue in the adversary proceedings, as well as those Blank Rome and Golsorskhi's conduct during their pendency [20-cv-10294, ECF No. 1-1 ("Complaint")]. The suit alleges in relevant part that Blank Rome and Golsorskhi conspired with Wansdown to conceal the Pelmadulla claim until after the bankruptcy proceeding was initiated and to deprive 29 Beekman of the down payment. Complaint ¶¶ 1-2. The complaint restates many of the arguments addressed in the Bankruptcy Court opinion denying 29 Beekman's motion for summary judgment. Blank Rome and Golsorskhi removed the case to this Court on the ground that the state court action was related to the adversary proceedings in the Bankruptcy Court. The Removed Action originally was assigned to Judge Caproni, who issued an order directing the parties to show cause why the action should not be referred to the Bankruptcy Court as related to the consolidated adversary proceedings pending there [20-cv-10294, ECF No. 10]. In response to the order, 29 Beekman filed a motion in both in the Removed Action and in a newly initiated case under case number 21-cv-2280 (which also was assigned to Judge Caproni) to withdraw the bankruptcy reference for the adversary proceedings. Both cases were later transferred to me as related to the interlocutory appeal request.

Both of 29 Beekman's motions and the order to show cause issued by Judge Caproni are ripe for resolution. To that end, the Court heard oral argument on all of the issues in May 2021. *See* Transcript of May 17, 2021 Hearing, ECF No. 24, No. 20-cv-8984 ("May 17 Tr."). Following argument and a careful review of the papers submitted by all parties, 29 Beekman's motion for an interlocutory appeal is denied, its motion to withdraw the bankruptcy reference is denied, and the action against Blank Rome and Golsorskhi is referred to the Bankruptcy Court.

## **DISCUSSION**

### A. *29 Beekman Does Not Satisfy the Standard for an Interlocutory Appeal.*

In general, federal courts "strongly disfavor[] discretionary interlocutory appeals." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007); *see Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) ("It is a basic tenet of federal law to delay appellate review until a final judgment has been entered."). In deciding whether to permit interlocutory review of a bankruptcy court order, district courts examine the statutory factors of 28 U.S.C. § 1292(b). Under this standard, the movant must demonstrate that the challenged order "(1) involves a controlling question of law; (2) to which there is substantial ground for difference of opinion; and (3) [that] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; *see also H&C Dev. Grp., Inc. v. First Vt. Bank & Trust Co. (In re Miner)*, 222 B.R. 199, 203 (B.A.P. 2d Cir. 1998). But "the district judge has 'unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met.'" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d at 144 (quoting *Gulino v. Board of Educ.*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002)).

29 Beekman contends that Judge Bernstein's order denying the cross-motions for summary judgment is final insofar as it ruled on "discrete disputes" in the case. Mot. for Interlocutory Appeal at 5 (quoting *In re Penn Traffic Co.*, 466 F.3d 75, 77–78 (2d Cir. 2006)). That contention is incorrect. As 29 Beekman's own authorities explain, disposing of discrete disputes for purposes of finality in this context means resolving all of the issues pertaining to a discrete claim, including the issue of relief. *See In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992). The Bankruptcy Court decided hotly contested issues about how to interpret the Purchase Agreement and concluded that 29 Beekman breached the contract. However, the Court also clearly ruled that it could not award relief on the breach of contract claim because, to be entitled to relief, Wansdown would have to demonstrate that it was ready, willing, and able to perform on the closing date, a question of material fact that is disputed. *See In re Wansdown*, 620 B.R. at 504.

At oral argument before this Court, counsel repeatedly asserted that the Bankruptcy Court order was final insofar as Judge Bernstein effectively dismissed Beekman's complaint by stating that any trial he conducted would be limited to certain issues. *See* May 17 Tr. at 8:21-9:1, 18:11-17. However, as 29 Beekman's counsel conceded on the record, Judge Bernstein never issued an order dismissing Beekman's complaint. *Id.* at 12:2-3. The effective dismissal 29 Beekman's counsel described was simply his interpretation of how Judge Bernstein was likely to proceed. As such, this Court remains persuaded that the Bankruptcy Court order was not final in any respect.

That non-final order is fatal to the argument that 29 Beekman can meet the standard for an interlocutory appeal under 28 U.S.C. § 1292(b). Its proposed interlocutory appeal does not involve a "controlling question of law" for which there is "substantial ground for difference of

opinion." 28 U.S.C. § 1292(b). A controlling question of law exists only if reversal would terminate the action or materially affect the outcome of the litigation. *See Picard v. Est. of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011); *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005). Moreover, the controlling issue must be a purely legal question that does not require reference to the factual record. *Picard*, 464 B.R. at 582. A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Anderson*, 550 B.R. 228, 238 (S.D.N.Y. 2016); *see Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013).

None of 29 Beekman's arguments raise a controlling issue of law or any such issue over which there can substantial difference of opinion on this record. For example, 29 Beekman strenuously argues that the Bankruptcy Court erred by refusing to treat statements made in affidavit by Golsorskhi as judicial admissions. Specifically, 29 Beekman points to Golsorskhi's statement that the sale under the Purchase Agreement was scheduled to take place no later than 45 days after the entry of an order confirming a chapter 11 plan or entry of a sale order. Mot. for Interlocutory Appeal at 7-8. The Bankruptcy Court rejected that this constituted a judicial admission rather than a legal conclusion not entitled to such treatment. *In re Wansdown*, 620 B.R. at 499 ("A party's statement interpreting a contract cannot be a judicial admission because it constitutes a legal conclusion rather than a factual admission." (first citing *Int'l Cards Co., Ltd. v. MasterCard Int'l Inc.*, 2017 WL 1133425, at *5 (S.D.N.Y. Mar. 24, 2017), *aff'd*, 741 F. App'x 41 (2d Cir. 2018); and then citing *Meehancombs Glob. Credit Opportunities Master Fund, LP v. Caesars Entm't Corp.*, 162 F. Supp. 3d 200, 212 (S.D.N.Y. 2015))). The precedent cited by the Bankruptcy Court is clear that Golsorskhi's statement cannot be a judicial admission. And, in

any event, it is not clear that treating the affidavit as a judicial admission would change the outcome of the case since 29 Beekman tried to extend the closing to March 10, 2020, more than 45 days beyond the entry of the order approving the sale. Finally, even if the Bankruptcy Court was wrong that the Purchase Agreement terms were unambiguous enough to interpret as a matter of law, that error was not a result of conflicting precedent, does not pose any question of first impression, and is not a basis for an interlocutory appeal. *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) (while the "meaning of a contract generally is considered to be a question of law for the court, a question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for an interlocutory appeal.").

The Court has considered all of 29 Beekman's other arguments and concludes none are availing. Simply put, the Bankruptcy Court order denying 29 Beekman's motion for summary judgment is a non-final order and does not provide any basis for the Court to vary from the normal conduct of litigation in the federal courts. The motion for leave to file an interlocutory appeal is denied.

**B.**     *29 Beekman's Request to Withdraw the Bankruptcy Reference is Denied.*

Where an adversary proceeding is pending in a Bankruptcy Court, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The movant bears the burden of demonstrating "cause." *See In re Madison Bentley Assocs., LLC*, 2016 WL 5793990, at *2 (S.D.N.Y. Sept. 27, 2016). The Supreme Court emphasized in *Stern v. Marshall*, 564 U.S. 462 (2011), that the most important consideration for referral of actions to a bankruptcy court is whether that court has the constitutional power to enter a final judgment. *See id.* at 476;

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 57 (S.D.N.Y. 2013) (citing *Stern*).

The Second Circuit also has articulated several factors a court should consider alongside the power to issue final judgments to determine whether cause exists to withdraw a reference: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993). Parties also may consent—including by implied consent—to the final adjudication of claims by a bankruptcy judge. *See Wellness Int'l Network Ltd. v. Sharif*, 575 U.S. 665, 669 (2015).

In this case, 29 Beekman consented to the jurisdiction of the Bankruptcy Court to enter judgment on all the claims at issue here by affirmatively seeking relief from the Bankruptcy Court based on the same underlying facts. In its own complaint in the Bankruptcy Court, 29 Beekman affirmatively alleged that the Bankruptcy Court had "constitutional authority to enter a final judgment in this adversary proceeding as a 'core' proceeding" as well as "continuing jurisdiction over the matter based on the jurisdictional reservations" in the sale order. Beekman Bankruptcy Ct. Pleading ¶ 11. The Bankruptcy Court correctly reasoned that, while Beekman did not file an answer or otherwise explicitly consent to entry of a final judgment in response to Wansdown's complaint itself, the Bankruptcy Court had authority to enter a final judgment on its claims based on 29 Beekman's implied consent to judgment on its claims raising the same issues. *In re Wansdown*, 620 B.R. at 497.

29 Beekman was aware of the opportunity to withhold its consent and, instead, actively engaged in the litigation before the Bankruptcy Court by suing and thereafter by engaging in

13

motion practice. S*ee LaMonica v. Harrah's Atlantic City Operating Co., LLC (In re JVJ Pharmacy, Inc.)*, 2020 WL 4251666, at *5 (Bankr. S.D.N.Y. July 24, 2020), *rev'd in part on other grounds*, 630 B.R. 388 (S.D.N.Y. 2021); *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685 (2015) ("[T]he key inquiry is whether 'the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." (quoting *Roell v. Withrow*, 538 U.S. 580, 590 (2003))).  All parties, including 29 Beekman, "admit" that the claims in Removed Action are "related" to—that is, based on the same facts as—the consolidated adversary proceedings before the Bankruptcy Court.  *See* Mot. To Withdraw Reference at 10.  Moreover, the new fraud claims involve core proceedings because they implicate the Bankruptcy Court's sale order, which ruled that the Purchase Agreement was not procured by fraud.[4]

The other *Orion* factors, especially 29 Beekman's obvious forum-shopping and gamesmanship, including the timing of this motion, also weigh against withdrawing the reference.  29 Beekman filed the state court action and motion to withdraw the reference approximately a year after discovering the principal underlying issue: the existence of the Pelmadulla claim that precipitated the use of a Section 363 sale.  Only after it received adverse rulings on summary judgment in the Bankruptcy Court, including on some of the same issues it now seeks to relitigate, and facing the prospect of having the Removed Action referred to the Bankruptcy Court as well, did 29 Beekman suddenly decide to argue that none of the claims belonged in Bankruptcy Court.  *See Stern*, 564 U.S. at 482 (explaining that the timing of a

---

[4] 29 Beekman seeks withdrawal of the reference on the separate basis that it has demanded a jury trial on its claims. However, this does not change the Court's view here, especially in light of the proceedings being "core" matters related to the issues already pending in the Bankruptcy Court. *In re Extended Stay, Inc.*, 466 B.R. 188, 198 (S.D.N.Y. 2011) ("[P]ermissive withdrawal to take 'the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready.'" (quoting *In re Adelphi Inst., Inc.*, 112 B.R. 534, 538 (Bankr. S.D.N.Y. 1990))).

litigant's objection to the constitutional authority of the bankruptcy court to enter a final judgment is critical and that the litigant cannot "sandbag[]" the bankruptcy court by "belatedly raising the error only if the case does not conclude in [its] favor").

While the timing of 29 Beekman's decision here seems to be prompted largely by gamesmanship, its motion also fails because it is untimely. *See* 11 U.S.C. § 157(d) (permitting a district court to withdraw a reference "on timely motion of any party"). 29 Beekman's motion to withdraw the reference was filed almost a year after it filed its own complaint in the Bankruptcy Court and after months of litigating precisely the issues it now seeks this Court to review. *Accord Bethpage Fed. Credit Union & Bus. Servs. Grp., LLC v. Town of Huntington (In re Joe's Friendly Serv. & Son Inc.)*, No. 17-MC-0 190(JS), 2019 WL 6307468, at *7 (E.D.N.Y. Nov. 25, 2019) (denying motion to withdraw reference after nine-month delay).

Finally, Beekman devotes dozens of pages to arguing that the Court should withdraw the bankruptcy reference and take disciplinary action against Blank Rome because of supposed conflicts and misconduct in the Bankruptcy Court. As an initial matter, the Court agrees with Wansdown and Blank Rome that any such issues should be considered by the Bankruptcy Court, since any misconduct is alleged to have taken place there and because that Court is most familiar with the litigations over which it has presided. Moreover, the Court notes that precedent uniformly supports the view that disqualification motions which are made solely for a tactical advantage are disfavored. *See Allegaert v. Perot*, 565 F.2d 246, 251 (2d Cir. 1977) (rejecting disqualification motion used to gain tactical advantage); *In re Wingspread Corp.*, 152 B.R. 861, 863 (Bankr. S.D.N.Y. 1993) (explaining that motions to disqualify are disfavored and subject to scrutiny to ensure that they are not being made for tactical reasons). Given the context in which 29 Beekman's arguments arise here, the Court is convinced that they are primarily asserted for

tactical reasons and, in any event, are not a basis to withdraw the reference. To the extent the concerns have any merit, the Bankruptcy Court is well-equipped to handle the issues in any event.

In sum, 29 Beekman has not satisfied its burden to succeed on its motion to withdraw the bankruptcy reference. Indeed, most of the *Orion* factors strongly suggest that all of the remaining disputes are core proceedings related to, if not already litigated in, the Bankruptcy Court. The motion instead appears to be a tactical maneuver to avoid further disappointment in a court that has consistently ruled against 29 Beekman's position.

## CONCLUSION

The motion of Appellant 29 Beekman Corp. for leave to file an interlocutory appeal [20-cv-8984, ECF No. 6] is DENIED, and the premature appeal is DISMISSED. The Clerk of Court respectfully is requested to close case number 20-cv-8984.

The motion to withdraw the bankruptcy reference that 29 Beekman Corp. filed both in response to Judge Caproni's Order to Show Cause why the removed state court action should not be referred to the Bankruptcy Court and to initiate a separate action [20-cv-10294, ECF No. 12; 21-cv-2280, ECF No. 1] is DENIED.

Because the motion to withdraw was filed in response to Judge Caproni's order to show cause, and the Court finds that there are no reasons why 29 Beekman's new action should not be referred to the Bankruptcy Court as related to the main bankruptcy case and the adversary proceedings. Thus, IT IS HEREBY ORDERED that the removed state court action, 20-cv-10294, is REFERRED to Bankruptcy Judge David S. Jones as related to *In re Wansdown Properties Corp., N.V.*, No. 19-13223 and the consolidated adversary proceedings pending before him. IT IS FURTHER ORDERED that the separate action initiated by the filing of the motion to

withdraw the reference, 21-cv-2280, is DISMISSED. The Clerk of Court respectfully is requested to close case numbers 20-cv-10294 and 21-cv-2280.

**SO ORDERED.**

Date:   **September 29, 2021**   　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　**New York, NY**　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**